IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| C-CO HOLDINGS, LLC | § | CASE NO. 20-32746-H3 |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

**DEBTOR'S MOTION TO DISMISS CHAPTER 11 BANKRUPTCY**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THIS MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVANT TO RESOLVE THE DISPUTE. IF YOU AND THE MOVANT CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVANT. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY-ONE (21) DAYS FROM THE DATE THAT THIS MOTION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED; IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, C-Co Holdings, LLC Debtor and Debtor in Possession ("Debtor" or "C-CO"), through undersigned counsel, who hereby files this Motion to Dismiss Chapter 11 Bankruptcy and respectfully represents as follows:

SECTION I
STATEMENT OF THE CASE & FACTS

1. C-CO filed a voluntary petition for relief on May 24, 2020 under Chapter 11 of Title 11, United States Code 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"). The Debtor's case is pending before the United States Bankruptcy Court for the Southern District of Texas, Houston Division. C-CO is a Texas limited liability company incorporated on October 25, 2018.

C-CO is a general lawn contracting business managed by the principal and President Christopher Cone. ("Cone").

2. C-CO provides general lawn contracting services to Texas Department of Transportation.

3. C-CO's financial difficulties began when equipment C-CO uses for the business was repossessed, thereby stopping C-CO from performing jobs and contracting services

4. On June 17, 2020, as required by § 1188(c), Debtor filed its pre-status conference report. Thereafter, the Court conducted a status conference on June 30, 2020 and issued an order requiring Debtor to "file small Monthly Operating Reports . . . as they become due[]" and "file a Plan on or before August 24, 2020."

5. A creditors meeting was held and concluded on June 23, 2020. Debtor's representative, Chris Cone, appeared and testified on behalf of Debtor.

6. On August 28, 2020, Texas Department of Transportation terminated the Debtor's contact. The Debtor as shifted his business operations to focus on mowing of private businesses.

7. While Debtor believes that it will be successful in its new business direction, the Debtor is unable to maintain ongoing business expenses and Debtor's principal is financially incapable of injecting more capital into Debtor.

8. Debtor does not believe it will be able to confirm a plan of reorganization as Debtor will be unable to demonstrate the feasibility of implementing a plan of reorganization.

9. Debtor believes it is in the best interests of the creditors and the estate to purse it new business direction by focusing on mowing for private companies. Debtor believes conversion to a Chapter 7 is not in the best interest of the estate or its creditors as Debtor's assets consists of eight tractors and mowing decks, which are fully secured by John Deere and Kubota.

## SECTION II
## JURISDICTION, VENUE, AND CONSTITUTIONAL AUTHORITY TO ENTER A FINAL ORDER

6. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334.

7. This Motion is a core proceeding pursuant to 28 U.S.C. Section 157(b).

8. Venue is proper pursuant to 28 U.S.C. Section 1408 and 1409.

## SECTION III
## RELIEF SOUGHT

9. Pursuant to 11 U.S.C. § 1112(b), the Debtor seeks an Order dismissing this Chapter 11 bankruptcy case.

## SECTION IV
## LEGAL AUTHORITIES AND BASIS FOR RELIEF

10. Pursuant to 11 U.S.C. § 1112(b), absent unusual circumstances specifically specified by the court which establishes that dismissal is not in the best interests of the creditors and the estate, the court shall convert or dismiss a case, whichever is in the best interests of the creditors and the estate, on request of a party in interest, after notice and a hearing and with cause shown. Cause is enumerated in the bankruptcy code section 11 U.S.C. § 1112(b)(4). *See* 11 U.S.C. § 1112(b)(4).

11. However, the list of matters enumerated in Section 1112(b) to constitute cause for conversion or dismissal is not exhaustive. *See* H. Rep. 595, 95th Cong., 1st Sess 406 (1977). In addition to the enumerated matters, courts have considered the totality of the circumstances. *In re Chaffin*, 816 F.2d 1070 (5th Cir. 1987), mod, 836 F.2d 215 (5th Cir. 1988). Courts are required to consider the debtor's good faith, which depends largely upon the bankruptcy court's on-the-spot evaluation of the debtor's financial condition, motives, and the local financial

realities.  *In re Elmwood Dev. Co.,* 964 F.2d 508 (5th Cir. 1992).

12. The Debtor believes that this bankruptcy case should be dismissed for cause and additionally by applying the totality of the circumstances. Specifically, the Debtor seeks dismissal for cause because the Debtor will not be able to confirm plan within the time fixed by the Bankruptcy Code, nor will Debtor be able to effectuate substantial consummation of a confirmed plan; the Debtor does not wish to continue in its bankruptcy case and if the case is not dismissed by this Court.

13. Debtor filed the Chapter 11 Bankruptcy in good faith to reorganize its debts, however, at this time the Debtor also believes it is in the best interests of its creditors to wind up and dissolve the business pursuant to the TBOC and repay its creditors from continued operation or sale of its assets. Debtor does not believe conversion to Chapter 7 will benefit the estate or the Debtor's creditors as the appointment of a Chapter 7 Trustee will cause additional administrative expenses when the Debtor does not have substantial unencumbered assets to liquidate nor will the Debtor benefit from receiving a discharge.

14. Debtor further believes dismissal is in the best interest of its creditors as Debtor can devote the funds it otherwise would have had to pay for professionals fees to satisfy the creditors of the estate.

**WHEREFORE**, the Debtor requests the entry of an order that dismisses this bankruptcy case and grant the Debtor such other and further relief as is just and equitable.


Date: September 2, 2020

Respectfully submitted,

**TRAN SINGH LLP**

By: */s/Brendon Singh*
    Susan Tran | TBN: 24075648
    Brendon Singh | TBN: 24075646
    1010 Lamar, Suite 1160
    Houston TX 77002
    Ph: (832) 975-7300
    Fax: (832) 975-7301
    BSingh@ts-llp.com

**ATTORNEYS FOR DEBTOR**

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 2, 2020 the following creditors and interested parties on the attached Service List were served a true and correct copy of this Motion via U.S. Mail, facsimile, or CM/ECF.

    */s/Brendon Singh*
    Brendon Singh